UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RAZIEL MARTINEZ, and, <br> JOAQUIN MARTINEZ | ) | |
| Plaintiffs, | ) ) | Case No. |
| vs. | ) ) | |
| | ) | Judge |
| LIEUTENANT KENNETH BROWN; | ) | |
| OFFICER KYLE JELINEK; | ) | Magistrate Judge |
| OFFICER JOHN DOE 1; | ) | |
| OFFICER JOHN DOE 2; and, | ) | |
| CITY OF JOLIET; | ) | Trial by Jury Demanded |
| | ) | |
| Defendants. | ) | |

COMPLAINT AT LAW

NOW COME the Plaintiffs, Joaquin Martinez and Raziel Martinez, by and through their attorney, David S. Lipschultz, and in support of their Complaint at Law against the Defendants, Lieutenant Kenneth Brown (Star No. 31); Officer Kyle Jelinek (Star No. 204); Officer John Doe 1; Officer John Doe 2; and City of Joliet state as follows:

JURISDICTION AND VENUE

1. This action is brought pursuant to the United States Constitution; 42 U.S.C. §1983 and §1988 (the Civil Rights Act of 1871); and the laws of the State of Illinois, to redress deprivations of civil rights of the Plaintiffs, accomplished by acts and/or omissions of the Defendants and committed under color of law.

2. This Court has jurisdiction under and by virtue of 28 U.S.C. §1343, §1331, and §1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, as the acts complained of took place in this judicial district.

## THE PARTIES

4. Plaintiff Joaquin Martinez, is a resident of the City of Joliet, State of Illinois.

5. Plaintiff Raziel Martinez is a resident of the City of Joliet, State of Illinois.

6. At all relevant times herein referenced, Defendant, Lieutenant Kenneth Brown (Star No. 31 ("Lt. Brown"), was employed by the City of Joliet as a sworn police officer. He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Lt. Brown was engaged in the conduct complained of while acting within the scope of his employment with the City of Joliet, and under color of law.

7. At all relevant times herein referenced, Defendant, Officer Kyle Jelinek ("Officer Jelinek"), was employed by the City of Joliet a sworn police officer. He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Officer Jelinek was engaged in the conduct complained of while acting within the scope of his employment with the City of Joliet, and under color of law.

8. At all relevant times herein referenced, Defendant, Officer John Doe 1 ("Officer Doe 1"), was employed by the City of Joliet as a sworn police officer. He is sued in his individual capacity. Officer Doe 1's identity will be established during the discovery process. At the time of the incident at issue in this Complaint, Officer Doe 1 was engaged in the conduct complained of while acting within the scope of his employment with the City of Joliet, and under color of law.

9. At all relevant times herein referenced, Defendant, Officer John Doe 2 ("Officer Doe 2"), was employed by the City of Joliet as a sworn police officer. He is sued in his individual capacity. Officer Doe 2's identity will be established during the discovery process. At the time of the incident at issue in this Complaint, Officer Doe 2 was engaged in the conduct

complained of while acting within the scope of his employment with the City of Joliet, and under color of law.

10. At all relevant times herein referenced, Defendant, City of Joliet was a governmental entity formed pursuant to the laws of the State of Illinois. Lieutenant Brown, Officer Jelinek, Officer Doe 1, and Officer Doe 2 ("Defendant Officers") were employed by the City of Joliet as sworn police officers, and at the time of the incident at issue were acting within the scope of their employment for the City of Joliet, and under color of law.

## ALLEGATIONS

11. Joaquin and Raziel Martinez are brothers. At the time of the incident they were 18 and 20 years old, respectively.

12. On May 31, 2020, at approximately 10:00 p.m., Joaquin and Raziel arrived at an area located near Rightway Auto Sales, at 1715 W Jefferson Street, Joliet, Illinois. A peaceful protest was underway.

13. Joaquin and Raziel came to this location to peacefully protesting police brutality and police killing of George Floyd and other innocent victims around the country.

14. To ensure they were protesting peacefully, Joaquin and Raziel specifically avoided protesting in areas where looting or rioting were likely to occur.

15. At approximately 11:00 p.m., Defendant Officers directed the crowd in front of the Rightway Auto Sales to disperse.

16. Lt. Brown, Officer Jelinek, Officer Doe 1 and Officer Doe 2 confronted Joaquin and Raziel.

17. Joaquin and Raziel were neither harming people or property, nor engaging in disruptive behaviors.

18. Lt. Brown yelled at them and told them to leave the area.

19. Joaquin and Raziel agreed to do so, and respectfully and peacefully asked why could they not peacefully protest given that there was no violence in this area.

20. In response to their question, Defendant Officers grabbed Joaquin and Raziel and told them that they were under arrest.

21. Next, one or more Defendant Officers grabbed Joaquin and threw him to the concrete. The Defendant Officers repeatedly hit Joaquin with a police baton.

22. One of the Defendant Officers threw Joaquin's phone to the ground with force.

23. One or two of the Defendant Officers choked Joaquin, nearly causing him to lose consciousness.

24. One or two of the Defendant Officers repeatedly hit Raziel with a police baton.

25. Neither Joaquin nor Raziel had been resisting in any manner.

26. Neither Joaquin nor Raziel had threatened the safety of any officer or other individual in any way.

27. Next, Defendant Officers handcuffed Joaquin and Raziel.

28. Defendant Officers arrested Joaquin and Raziel and brought them to the police station. Joaquin and Raziel were detained at the station until approximately 3:00 a.m. on the morning of June 1, 2020.

29. Defendant Officers charged Joaquin and Raziel with misdemeanor obstructing a peace officer and resisting a peace officer.

30. Defendant Officers did not have probable cause to arrest the Plaintiffs for those offenses or for any other misdemeanors or felonies.

31. As a result of the encounter <u>Joaquin</u> suffered injuries, as well as suffering from unlawful detention and loss of liberty.

32. As a result of the encounter Raziel suffered injuries, as well as suffering from unlawful detention and loss of liberty.

33. Defendant Officers maliciously prosecuted the criminal cases against Joaquin and Raziel before the case ultimately was dismissed.

34. During this time Joaquin and Raziel believed they might be convicted and have to serve time in jail.

<u>COUNT I</u>
<u>SECTION 1983 EXCESSIVE FORCE</u>
<u>AGAINST DEFENDANTS BROWN, JELINEK, DOE 1, AND DOE 2</u>

35. The Plaintiffs re-allege and incorporate herein the allegations of paragraphs 1 through 34.

36. The force used by Lt. Brown, Officer Jelinek, Officer Doe 1 and Officer Doe 2 constituted excessive force in violation of the Plaintiffs' Fourth Amendment rights of the U.S. Constitution and 42 U.S.C. §1983.

37. The force used by Lt. Brown, Officer Jelinek, Officer Doe 1 and Officer Doe 2 was objectively unreasonable and excessive and was undertaken intentionally, with malice, and with reckless indifference to the Plaintiffs' constitutional rights.

38. As a direct and proximate consequence of Lt. Brown, Officer Jelinek, Officer Doe 1 and Officer Doe 2's unjustified and excessive use of force, the Plaintiffs suffered injuries including, but not limited to, physical injuries, pain and suffering, loss of liberty, emotional anguish, and monetary loss and expenses.

WHEREFORE, the Plaintiffs, Joaquin and Raziel Martinez, pray for judgement against the Defendants, Lieutenant Kenneth Brown (Star No. 31); Officer Kyle Jelinek (Star No. 204); Officer John Doe 1; and Officer John Doe 2 for compensatory damages, punitive damages, plus the costs of the action and attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

COUNT II
SECTION 1983 FALSE ARREST
AGAINST DEFENDANTS BROWN, JELINEK, DOE 1, AND DOE 2

39. The Plaintiffs re-allege and incorporate herein the allegations of paragraphs 1 through 34.

40. Lt. Brown, Officer Jelinek, Officer Doe 1 and Officer Doe 2 did not have probable cause to arrest the Plaintiffs.

41. The actions of Lt. Brown, Officer Jelinek, Officer Doe 1 and Officer Doe 2 violated the Plaintiffs' Fourth Amendment rights and were in violation of said rights protected by 42 U.S.C. §1983.

42. As a direct and proximate consequence of said conduct of Lt. Brown, Officer Jelinek, Officer Doe 1 and Officer Doe 2, the Plaintiffs suffered violations of their constitutional rights, loss of liberty, monetary expenses, fear, emotional distress, and other injuries.

WHEREFORE, the Plaintiffs, Joaquin and Raziel Martinez, pray for judgement against the Defendants, Lieutenant Kenneth Brown (Star No. 31); Officer Kyle Jelinek (Star No. 204); Officer John Doe 1; and Officer John Doe 2 for compensatory damages, punitive damages, plus the costs of the action and attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

## COUNT III
## SECTION 1983 FIRST AMENDMENT VIOLATIONS
## AGAINST DEFENDANTS BROWN, JELINEK, DOE 1, AND DOE 2

43. The Plaintiffs re-allege and incorporate herein the allegations of paragraphs 1 through 42.

44. At the time of the incident at issue Plaintiffs were exercising their first amendment right to peaceful assembly.

45. Lt. Brown, Officer Jelinek, Officer Doe 1 and Officer Doe 2 restricted the Plaintiffs from exercising these constitutional rights.

46. As a direct and proximate consequence of said actions taken by the Defendant Officers the Plaintiffs suffered violations of their constitutional rights, loss of liberty, monetary expenses, fear, emotional distress, and other injuries.

WHEREFORE, the Plaintiffs, Joaquin and Raziel Martinez, pray for judgement against the Defendants, Lieutenant Kenneth Brown (Star No. 31); Officer Kyle Jelinek (Star No. 204); Officer John Doe 1; and Officer John Doe 2 for compensatory damages, punitive damages, plus the costs of the action and attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

## COUNT IV
## ILLINOIS LAW CLAIM – INDEMNIFICATION
## AGAINST CITY OF JOLIET

47. The Plaintiffs re-allege and incorporate herein the allegations of paragraphs 1 through 46.

48. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

49. This indemnity claim does not accrue until there has been a judgment or settlement. Illinois law allows indemnity claim to be filed before it accrues.

50. At all times relevant to this incident, Lt. Brown, Officer Jelinek, Officer Doe 1 and Officer Doe 2 were employees of the City of Joliet, and they acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, the Plaintiffs Joaquin and Raziel Martinez demand that The City of Joliet be ordered to pay the Plaintiffs any judgement for compensatory damages obtained against Lt. Brown, Officer Jelinek, Officer Doe 1 and Officer Doe 2.

### JURY DEMAND

Plaintiffs, Joaquin and Raziel Martinez, seek trial by jury.

Respectfully submitted,

JOAQUIN MARTINEZ and
RAZIEL MARTINEZ


/s/ *David S. Lipschultz*
David S. Lipschultz

David S. Lipschultz
Atty No. 6277910
Law Offices of David S. Lipschultz, Inc.
200 S. Michigan Avenue, Suite 201
Chicago, Illinois 60604
Telephone: 312-414-1778
Fax: 312-414-1887
Email: david@dsllawoffice.com